IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| MELISSA CLARK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 14-4019-CV-C-ODS |
| ) | |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## ORDER AND OPINION AFFIRMING
## COMMISSIONER'S FINAL DECISION DENYING BENEFITS

Pending is Plaintiff's appeal of the Commissioner of Social Security's final decision denying her application for Supplemental Security Income benefits. The Commissioner's decision is affirmed.

"[R]eview of the Secretary's decision [is limited] to a determination whether the decision is supported by substantial evidence on the record as a whole. Substantial evidence is evidence which reasonable minds would accept as adequate to support the Secretary's conclusion. [The Court] will not reverse a decision simply because some evidence may support the opposite conclusion." Mitchell v. Shalala, 25 F.3d 712, 714 (8th Cir. 1994) (citations omitted). Though advantageous to the Commissioner, this standard also requires that the Court consider evidence that fairly detracts from the final decision. Forsythe v. Sullivan, 926 F.2d 774, 775 (8th Cir. 1991) (citing Hutsell v. Sullivan, 892 F.2d 747, 749 (8th Cir. 1989)). Substantial evidence means "more than a mere scintilla" of evidence; rather, it is relevant evidence that a reasonable mind might accept as adequate to support a conclusion. Gragg v. Astrue, 615 F.3d 932, 938 (8th Cir. 2010).

Plaintiff alleged a disability onset date May 11, 2010, and the ALJ found she suffered from the severe impairments of asthma, COPD, bipolar disorder, anxiety and depression. R. at 12. At Step 4 of the five-step sequential process, the ALJ ascertained Plaintiff's residual functional capacity ("RFC") and concluded Plaintiff could

perform medium work except for the ability to climb ladders, ropes or scaffolds.  He also found Plaintiff needed to avoid exposure to smoke, fumes, dust, gases, hazards (such as dangerous machinery) and unprotected heights.  Finally, the ALJ determined Plaintiff could "understand, remember and carry out simple instructions" and could "occasionally interact with supervisors and co-workers in non-public setting."  R. at 14-15.

Plaintiff contends the ALJ erred in formulating the RFC because there is not medical evidence to support it.  This argument rests on the proposition that only medical evidence can be used to formulate the RFC, but this proposition is incorrect.  While "a claimant's RFC is a medical question, . . . in evaluating a claimant's RFC, an ALJ is not limited to considering medical evidence exclusively."  Cox v. Astrue, 495 F.3d 614, 619 (8th Cir. 2007).  It is simply not true that the RFC can be proved *only* with medical evidence.  Baldwin v. Barnhart, 349 F.3d 549, 556 (8th Cir. 2003); Lauer v. Apfel, 245 F.3d 700, 703-04 (8th Cir. 2001); McKinney v. Apfel, 228 F.3d 860, 863 (8th Cir. 2000); Dykes v. Apfel, 223 F.3d 865, 866 (8th Cir. 2000) (per curiam).  Plaintiff also insinuates that the ALJ is required to identify specific medical support for each and every component of the RFC.  This, too, is incorrect; there must be *some* medical evidence, but there does not need to be a direct correspondence between each aspect of the RFC and some aspect of a medical record.  To hold otherwise would be to eviscerate the aforementioned cases establishing that the RFC need not be based solely and entirely on medical evidence; stated another way, if Plaintiff is correct, there would be no role for "non-medical evidence," and the cases explicitly holding that the ALJ can consider such evidence would be meaningless.

Plaintiff represents that "[t]he medical record in this case is extensive, consisting of over 500 pages of medical records and covering period from 2006 through 2013."  Plaintiff's Brief (Doc. # 8) at 11.  Plaintiff does not suggest the ALJ did not consider this evidence; instead, she argues that none of the 500 pages mirrors the RFC.  For the reasons set forth above, the Court rejects this argument.  Plaintiff also seems to suggest the RFC is not supported by substantial evidence in the Record as a whole, but she doesn't point to any evidence in the Record that is actually inconsistent with the ALJ's RFC finding.  None of Plaintiff's treating physicians (or, for that matter, consulting physicians) suggested Plaintiff had limitations greater than those set forth in the RFC.

2

The ALJ was entitled to conclude that Plaintiff's "benign physical and mental examinations, reluctance to seek treatment, positive response to treatment, and GAF scores all indicate that her impairments are not as severe as alleged, thus eroding the credibility of her allegations." R. at 16. The ALJ was also entitled to conclude that the medical evidence of relatively benign examinations and Plaintiff's response to treatment did not require greater limitations in the RFC. R. at 16-17. This medical evidence, combined with the other evidence in the Record, provides substantial support for the ALJ's decision.

      The Commissioner's final decision is affirmed.

IT IS SO ORDERED.

DATE: November 13, 2014

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
UNITED STATES DISTRICT COURT